UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

J.I.,

Plaintiff,

v.

THE ARCHDIOCESE FOR THE MILITARY SERVICES, U.S.A., a Maryland Religious Corporation; CORPORATION OF THE CATHOLIC ARCHBISHOP OF SEATTLE, a sole corporation, JOHN MURPHY, individually, and REINARD BEAVER, individually,

Defendants.

Case No. C05-5235RJB

ORDER GRANTING MOTION FOR REMAND AND SETTING BRIEFING SCHEDULE RE: FEES

This matter comes before the Court on Plaintiff's Motion for Remand to State Court (Dkt. 11) and Defendant Seattle Archdiocese's Motion for Transfer (Dkt. 18). The Court has reviewed all documents filed in support of and in opposition to these motions, has reviewed the entire file, and is fully advised.

**I. <u>BASIC and PROCEDURAL FACTS</u>**

On November 19, 2004, Plaintiff filed suit in Pierce County Superior Court asserting several state claims against Defendants based on allegations of sex abuse which occurred around 1967 to 1972. Dkt. 12, at 5. Defendant Seattle Archdiocese removed this matter from Pierce County Superior Court on March 29, 2005 pursuant to 28 U.S.C. § 1452. Dkt. 1. Defendants argue that one of the defendants, Beaver, was ordained by the Spokane Diocese in 1956 and the

Spokane Diocese has filed for Chapter 11 relief under the U.S. Bankruptcy Code. Dkt. 1, at 2. Plaintiff now moves to remand this matter to Pierce County Superior Court. Dkt. 11.

## II. DISCUSSION

### A. THIS COURT'S JURISDICTION TO DETERMINE WHETHER THE CASE SHOULD BE REMANDED

Defendant Seattle Archdiocese removed this matter from Pierce County Superior Court on March 29, 2005 pursuant to 28 U.S.C. § 1452. Dkt. 1. Relevant portions of 28 U.S.C. § 1452 provide, "A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). 28 U.S.C. § 1334(b) grants district courts original but not exclusive jurisdiction "of all civil proceedings arising under title 11, or arising in or related to a case under Title 11." Defendant argues, in it's Response, that the issue of whether this court has jurisdiction to determine the remand issue depends on the interplay between 28 U.S.C. § 1452 and 28 U.S.C. § 157. Dkt. 18, at 5. 28 U.S.C. § 157(b)(5) provides, "[t]he district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending."

The first issue to be addressed in this matter is whether this Court has jurisdiction under 28 U.S.C. § 1334(b). That is, whether this is a civil proceeding "arising under title 11 or arising in or related to a case under title 11." "Proceedings 'related to' the bankruptcy include (1) causes of action owned by the debtor which become property of the estate pursuant to11 U.S.C.§541, and (2) suits between third parties which have an effect on the bankruptcy estate." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308, n. 5 (1995). The issue in this case involves the second type of "related to" proceeding. The following test applies to determine the existence of "related to" jurisdiction: "The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could*

*conceivably have any effect on the estate being administered in bankruptcy*.... Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.*, at n.6.

Defendants have not alleged that this case arises under title 11, but imply that the case is related to a case under title 11, that is the Spokane Diocese bankruptcy cases. Defendant Seattle Archdiocese has made no showing that this matter is related to a case under title 11. The complaint in this matter does not allege any legal involvement of the Spokane Diocese. Defendants have not shown that the outcome of this matter "could alter the [Spokane Diocese's] rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.*

Defendant Seattle Diocese's argument that this Court does not have jurisdiction to determine whether to remand this matter is unavailing. The plain language of 28 U.S.C. § 157(5) gives the district court where a bankruptcy case is pending the power to determine whether a personal injury tort and wrongful death claim will be tried in that district or in the district where the claim arose. It does not give the district court where a bankruptcy case is pending the power to determine whether a civil proceeding arises under title 11 or arises in or is related to a case under title 11 in another court. This Court has jurisdiction to determine whether this matter should be remanded.

**B. REMAND AND TRANSFER**

In light of the above finding, that this case is not related to the Spokane Diocese's bankruptcy case, this matter should be remanded to Pierce County Superior Court. Plaintiff's remaining arguments regarding remand need not be addressed. Defendant Seattle Diocese has not shown that this Court has any basis for jurisdiction. Moreover, it has failed to provide any basis under which transfer of this matter to the Eastern District of Washington is appropriate. Plaintiff's Motion for Remand should be granted and Defendant Seattle Diocese's Motion for

Transfer should be denied.

## III. FEES AND COSTS

Plaintiff first requested fees under 28 U.S.C. § 1447(c) in his Reply (Dkt. 20). In the interest of due process, the court will deem the request to be a motion and will set a briefing schedule. Plaintiff may request a particular amount, and support his request for fees with supporting documentation and briefing not later than May 26, 2005. Defendant should respond by June 9, 2005, and plaintiff may reply by June 15, 2005. The court will consider the fee motion on or after June 17, 2005.

## IV. ORDER

Therefore, it is now

**ORDERED** that Plaintiff's Motion for Remand (Dkt. 11) is **GRANTED** and Defendant's Motion for Transfer (Dkt. 18) is **DENIED**. This case is hereby **REMANDED** to the Superior Court of the State of Washington in and for Pierce County.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 11th day of May, 2005.

Robert J. Bryan
U.S. District Judge